Peggy SABIN, Plaintiff—Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant—Appellee.

No. 08–35338.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2009.*

Filed June 12, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

619

Harvey Grad, Renton, WA, for Plaintiff–Appellant.

Brian Kipnis, Assistant U.S., Office of the U.S. Attorney, Stephanie R. Martz, Esquire, Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: CANBY and N.R. SMITH, Circuit Judges, and PRO,** District Judge.

** The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

MEMORANDUM ***

■ Appellant Peggy Sabin ("Sabin") appeals the district court's decision affirming the Commissioner of Social Security's denial of her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The parties are familiar with the facts and procedural history, and we discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision upholding the denial of social security benefits and will set aside a denial only if it is not supported by substantial evidence or is based on legal error. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir.2007). We affirm.

I.

■ Sabin argues that the Administrative Law Judge ("ALJ") erred in rejecting examining physician Dr. Ted Bushnell's conclusion that Sabin's tremor restricted her to handling only occasionally and thus that the ALJ erred in concluding she could be a garment sorter, which requires frequent handling but only occasional fingering. *Dictionary of Occupational Titles* 222.687–014, *available at* 1991 WL 672131. To reject an examining doctor's opinion that is contradicted by another doctor's opinion, the ALJ must provide specific and legitimate reasons supported by substantial evidence. *Ryan v. Comm'r of Social Sec.,* 528 F.3d 1194, 1198 (9th Cir.2008). A non-examining expert's contrary opinion alone is insufficient but may constitute substantial evidence when consistent with other evidence in the record. *Tonapetyan*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

v. *Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001).

■ In rejecting Dr. Bushnell's opinion, the ALJ relied on Dr. Rex Alvord, Dr. Catherine Miller, Sabin's daily activities, and her prior abilities despite the tremor. Dr. Alvord, a non-examining physician, found Sabin's handling was unlimited. Dr. Miller stated Sabin was impaired as to fine motor function. "That is to say, when she does something like reach for a teacup, my guess is that she frequently spills the tea." This illustrates difficulties with fine motor function, not reaching or handling.

Sabin's ability to care for herself, drive, cook, do housework, assist her former roommate who had multiple sclerosis, and do arts and crafts suggested she had handling abilities. Although Sabin testified as to her difficulties in writing and using knives and scissors, this supports her fingering, not handling, limitations. Sabin's testimony that she "quit driving" four months before the 2003 hearing is contradicted by her 2004 statement to Dr. Bushnell that she could drive.

■ The ALJ also determined Sabin's testimony was not entirely credible. Absent evidence of malingering, the ALJ must give clear and convincing reasons to reject a claimant's testimony. *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir.2001). Daily activities can form the basis of an adverse credibility finding where the claimant's activities (1) contradict her other testimony or (2) meet the threshold for transferable work skills. *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir.2007). Sabin's daily activities contradict her testimony by showing she was functional in her daily life. The ALJ thus provided clear and convincing reasons in partially discrediting Sabin's testimony. Although Sabin's daily activities alone do not demonstrate her handling abilities as the record does not make clear she did these activities for a substantial part of a day, *see Vertigan,* 260 F.3d at 1049, the ALJ also points to medical evidence and Sabin's history.

The ALJ noted Sabin had the tremor since childhood and had worked with it in the past. Although Sabin testified in 2003 that her tremor had gotten worse over time, these statements do not demonstrate her handling necessarily worsened or had worsened to a degree such that she could not engage in frequent handling. Indeed, Sabin told Dr. Bushnell in 2004 that she could drive, cook, and do housework. The ALJ thus provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Bushnell's handling conclusion.

■ Sabin also argues the hypothetical proposed to the vocational expert ("VE") failed to include all of Sabin's functional limitations. However, any error is harmless because substantial evidence supports the ALJ's finding that Sabin's handling was minimally compromised.

## II.

■ Sabin argues the ALJ found she had moderate difficulties in concentration, persistence, or pace yet failed to account for these in the residual functional capacity ("RFC") finding, i.e., her ability to work despite her impairments, or in the hypothetical to the VE. In the RFC and hypothetical, the ALJ must include all of a claimant's restrictions. 20 C.F.R. § § 404.1545, 416.945; *Bray v. Comm'r of SSA,* 554 F.3d 1219, 1228 (9th Cir.2009). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs–Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir.2008).

The ALJ determined the end result of Sabin's moderate difficulties as to concentration, persistence, or pace was that she could do simple and repetitive tasks on a consistent basis. *See Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir.2002) ("The 'failure to complete tasks in a timely manner' is not a functional limitation but the end result of 'deficiencies of concentration, persistence or pace.'"). Contrary to Sabin's argument, the RFC here incorporated more than just "simple jobs." *Compare Newton v. Chater,* 92 F.3d 688, 695 (8th Cir.1996) (holding "simple jobs" was insufficient to cover concentration, persistence, or pace deficiencies), *with Howard v. Massanari,* 255 F.3d 577, 582 (8th Cir. 2001) (holding "capable of doing simple, repetitive, routine tasks" adequately captured such deficiencies).

■ The medical evidence supports this conclusion. Dr. Walfish noted Sabin's concentration difficulties and that she could not complete serial 3's. However, she could complete serial 1's; spell "world" backwards; follow a three-step command; and do her own cooking, cleaning, laundry, shopping, and bills. Dr. Epp had similar conclusions. Dr. Lysak concluded (and Dr. Peterson affirmed) Sabin had moderate difficulties in maintaining concentration, persistence, or pace, but could complete a three-step command and was not significantly limited in completing a normal workday. The RFC finding is consistent with these reports and adequately captures the tasks Sabin can do despite her concentration, persistence, or pace restrictions. The hypothetical likewise includes Sabin's abilities as to concentration and carrying out job instructions.[1]

1. Although "garment sorter" in the Dictionary of Occupational Titles does not specify a concentration level, it does not conflict with the RFC finding because garment sorting is

## III.

■ Sabin argues the ALJ erred in failing to discuss the stipulation as to what lay witness Laurence Albert Smith ("Smith") would have testified. Lay testimony as to a claimant's symptoms cannot be disregarded without comment. *Stout v. Comm'r, SSA,* 454 F.3d 1050, 1053 (9th Cir.2006). A failure to do so is harmless only if "no reasonable ALJ, when fully crediting the testimony, could have a reached a different disability determination." *Id.* at 1056. Smith's testimony generally relates to a concentration deficit and would lend further support to the ALJ's finding that Sabin had a moderate concentration deficit. Thus, no reasonable ALJ would have reached a different conclusion and the error was harmless.

The judgment of the district court is **AFFIRMED.**

an unskilled job that requires little judgment and can be learned in 30 days. 20 C.F.R. §§ 404.1568(a), 416.968(a).